UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRONDO HUMPHREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-00764-JRS-TAB |
| ) | |
| CITY OF ANDERSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DISCOVERY DISPUTE**

**I. Introduction**

The discovery dispute before the Court raises the question whether Defendants who served a subpoena seeking prison recordings of Plaintiff waited too long to seek compliance with that subpoena, such that the discovery should be denied. The non-party in possession of the recordings, the Indiana Department of Correction, does not object to the production. Instead, Plaintiff objects to the pending production on timeliness grounds. The parties outlined their positions in statements submitted to the magistrate judge, who held a March 18, 2021, telephonic status conference and gave the parties a further opportunity to be heard. For the reasons set forth below, Plaintiff's objection is overruled. IDOC shall produce the recordings in the manner described.

**II. Factual Background**

The facts relevant to this discovery dispute are uncontested. The magistrate judge reviewed these facts, as set forth in the parties' submissions and reiterated below, with counsel at the March 18 conference to confirm their accuracy.

On April 27, 2020, City Defendants[1] served a subpoena on then-Deputy Attorney General Joshua Lowery seeking documents from IDOC that expressly included prison recordings of communications involving Plaintiff, who was then incarcerated. The Indiana Attorney General's Office routinely represents IDOC, and Lowery did not object to doing so in regard to the subpoena. On August 20, 2020, fact discovery in this case closed. IDOC produced documents responsive to the subpoena to Plaintiff to perform any necessary psychotherapist privilege review, and on August 27, 2020, Plaintiff produced these documents to City Defendants. No recordings were produced.

On August 31, 2020, City Defendants contacted Deputy Attorney General Jason Seitz (who replaced Lowery on the case) regarding the lack of any recordings produced. Seitz told City Defendants he would follow up. On September 8, 2020, Seitz advised City Defendants that recordings existed that were responsive to the subpoena. City Defendants asked Seitz to forward these recordings to Plaintiff for privilege review and production. Thereafter, Seitz left the Attorney General's Office, and no one from that office followed up.

On October 28, 2020, City Defendants followed up with Derek Atwood, the new Deputy Attorney General assigned to the case. Atwood emailed IDOC and told City Defendants he would advise them when he learned more. City Defendants did not hear back from Atwood. Accordingly, on January 20, 2021, City Defendants sent another email to Atwood to follow up on this matter. Atwood did not respond. On February 24, 2021, City Defendants again followed up with Atwood regarding the status of the recordings. Atwood confirmed the existence of the recordings and stated he would coordinate production for privilege review through Plaintiff's counsel as occurred previously. On March 9, 2021, Atwood advised City Defendants and

---

[1] City Defendants are the City of Anderson, Stan Young, and Terry Sollars.

Plaintiff that IDOC was prepared to produce the recordings. Upon learning of this planned production, Plaintiff objected, resulting in the March 18 status conference to address this dispute.

### III. Discussion

Plaintiff objects to the production on timeliness grounds. Plaintiff argues that because fact discovery closed August 20, 2020, any attempt by City Defendants to enforce the subpoena they served on April 7, 2020, comes far too late. To be sure, there is authority for the proposition that failing to pursue a motion to compel until after the discovery deadline passes may result in the motion to compel being denied. *See, e.g., Gonzalez v. City of Milwaukee,* 791 F.3d 709, 714 (7th Cir. 2015) ("Given the lateness of Gonzalez's request [made after the close of written discovery], his lack of diligence in obtaining information about the climate survey, as well as his inability to show how he was prejudiced by the district court's ruling, we find that the district court did not abuse its discretion in denying Gonzalez's motion to compel discovery."); *Geng v. Spencer*, No. 1:19-cv-3139-JPH-MPB, 2020 WL 4557752, at *5 (S.D. Ind. Aug. 6, 2020) ("Courts commonly deny motions to compel that are filed after the close of discovery, especially where the movant does not have a valid excuse for the failure to bring the motion earlier."); *Wine & Canvas Dev. LLC v. Weisser*, No. 1:11-cv-1598-TWP-DKL, 2014 WL 585406, at *1 (S.D. Ind. Feb. 14, 2014) ("The Federal Rules of Civil Procedure place no time limit on the outside date for the filing of a motion to compel discovery, although motions to compel filed after the close of discovery generally are deemed untimely.").

However, "[d]istrict courts have broad discretion in discovery matters[.]" *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001). Thus, a motion to compel filed after the close of discovery is not necessarily improper. *See, e.g., Gibson v. Indiana State Pers. Dep't*, No. 1:17-cv-1212-JPH-TAB, 2019 WL 2411330, at *1 (S.D. Ind. June 7, 2019) ("Motions to

3

compel filed shortly after the close of discovery and well in advance of any dispositive motions may be allowed. Even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery." (Internal citations, quotation marks, and brackets omitted)); *Francis v. AIT Laboratories*, No. 1:07-cv-626-RLY-JMS, 2008 WL 2561222, at *1 (S.D. Ind. June 26, 2008) ("Federal Rule of Civil Procedure 26(e) requires that a party who has made a disclosure under rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect. Nowhere in the Rule is it stated or implied that the obligation to supplement ceases with the passage of the discovery deadline." (Internal citation, quotation marks, backets, and ellipses omitted). Therefore, the issue is whether, in this particular case, City Defendants were so dilatory as to preclude them from discovering the recordings IDOC is prepared to produce. The Court thinks not.

It is not City Defendants that were dilatory in this case; it was the deputy attorneys general assigned to the case. As Plaintiff acknowledges, City Defendants timely served the subpoena at issue. The subpoena expressly requested the recordings now in dispute. City Defendants received documents responsive to their subpoena August 27, 2020, one week after the deadline for fact discovery passed. A mere four days later, City Defendants followed up with Deputy Attorney General Seitz about the missing recordings. It is true that City Defendants could have insisted on a more timely response to their subpoena. However, IDOC's response— about three and a half months late—was not so delayed as to justify denying City Defendants the ability to obtain this discovery.

This is particularly so given the way City Defendants responded after the recordings were not produced. Following City Defendants' initial request four days after receiving IDOC's subpoena response, City Defendants pressed the deputy attorneys general for the recordings. On September 8, 2020, City Defendants asked Deputy Attorney General Seitz to forward the recordings to Plaintiff's counsel for a privilege review, but Seitz failed to do so and left the Attorney General's Office. City Defendants followed up with Deputy Attorney General Atwood on October 28, 2020, who said he would be back in touch when he learned more. However, he failed to do so.

As a result, City Defendants followed up with Atwood again on January 20, 2021, with an email inquiring about the status of the recordings. Atwood did not respond. Then on February 24, 2021, City Defendants reached out to Atwood again. This finally prompted Atwood to confirm the existence of the recordings and, on March 9, 2021, to advise City Defendants and Plaintiff that IDOC was prepared to produce the documents to Plaintiff for privilege review. Plaintiff, who had been left out of this communication loop, was understandably concerned that fact discovery closed months previously, prompting Plaintiff to object to production on timeliness grounds. But this delay cannot fairly be placed on City Defendants. Rather, the undisputed facts establish that the acts and omissions of the carousel of deputy attorneys general assigned to this case are overwhelmingly responsible for the late discovery production that now vexes this case.

Plaintiff contends that to allow this production at this stage of the case would prejudice Plaintiff. Plaintiff argues that it would be unfair to allow these recordings to be supplemented into the pending, ripe summary judgment motions [Filing No. 125; Filing No. 130], and that the recordings may require expert witnesses to revisit their reports and conclusions and provide

5

supplemental deposition testimony, which would be a needless expense. Plaintiff's concerns in this regard are legitimate. As a result, the recordings cannot be used to supplement the pending dispositive motions. Whether the recordings will require expert witnesses to revisit their reports, and give additional deposition testimony, is unknown at this time. In fact, when questioned about the recordings to be produced, Atwood could not even tell the Court how many recordings are involved. If it turns out that the recordings produced are significant enough to require experts to revisit their reports and give additional deposition testimony, then that is a cost that should be borne by the Indiana Attorney General. Given that the trial is not scheduled to begin until December 6, 2021, there is sufficient time to address any additional expert witness issues that may arise.

## IV. Conclusion

The search for the truth does not end at the close of discovery. Producing the recordings at issue may assist in determining the truth in this case. Those recordings should have been produced in compliance with the fact discovery deadline. However, the deputy attorneys general are overwhelmingly responsible for the delayed production, not the City Defendants who timely subpoenaed the recordings and followed up multiple times in an elusive effort to obtain this information. IDOC has no objection to producing the recordings. Accordingly, Plaintiff's timeliness objection is overruled. Plaintiff's concerns about possible prejudice can be mitigated by the measures set forth above.

Therefore, IDOC shall produce all recordings responsive to City Defendants' subpoena by March 22, 2021. This production shall be made to Plaintiff's counsel, to provide Plaintiff an opportunity to conduct a privilege review. Plaintiff shall produce all recordings to City

Defendants by March 29, 2021. If Plaintiff withholds any recordings, Plaintiff's production shall include a privilege log.

Date: 3/19/2021         _____

                                      Tim A. Baker
                                      United States Magistrate Judge
                                      Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email